**Brownstein Hyatt Farber Schreck**

November 16, 2017

Thomas J. Krysa
Shareholder
303.223.1270 tel
303.223.1111 fax
tkrysa@bhfs.com

**VIA ECF**

The Honorable Ronald L. Ellis
U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

RE:   *Alpha Capital Anstalt v. Real Goods Solar, Inc. et al.,* 17-cv-1186-JGK (S.D.N.Y.)

Dear Judge Ellis:

This firm represents Defendant Real Goods Solar, Inc. ("RGS") in the above-captioned matter. We write to request a pre-motion discovery conference under Local Civil Rule 37.2 prior to filing a Motion for a protective order requiring Plaintiff Alpha Capital Anstalt ("Alpha") to take the deposition of Dennis Lacey, the CEO of RGS, in Denver, Colorado.  The parties conferred on the instant motion via email correspondence and through telephone calls.  Alpha opposes RGS' motion and seeks to hold Mr. Lacey's deposition in New York, New York.  Co-Defendant Roth Capital Partners, LLC ("Roth") does not oppose RGS' motion and consents to holding Mr. Lacey's deposition in Denver.

**Introduction**

On February 16, 2017, Alpha filed a complaint alleging securities fraud, fraud, and breach of contract claims against RGS and Roth relating to two securities offerings conducted by RGS in early February 2017, where Roth acted as the placement agent.  Alpha was an investor in the first offering but not the second.  Alpha's fraud-related claims were based solely on the timing of the two offerings; the second offering occurred the day after the first offering closed.  In essence, Alpha alleged that RGS intended to conduct the second offering before the first offering closed, allegedly causing statements relating to the first offering to be materially false and misleading. Specifically, the offering documents contained a 90-day lock up provision preventing RGS from issuing additional securities for a period of 90 days after the closing of the first offering.  However, the offering documents provided that any provision could be amended or waived with the consent of 50.1% of the purchasers from the first offering based on their subscription amounts.

On March 28, 2017, RGS filed a letter motion requesting a pre-motion conference for permission to file a motion to dismiss Alpha's fraud-related claims.  After a hearing on the letter motion, Roth agreed to produce email correspondence demonstrating that Alpha's fraud-related claims lacked

any merit. After this production, on May 12, 2107, Alpha amended its complaint dropping the fraud-related claims, but continuing to allege breach of contract and rescission claims against RGS, and tortious interference with contract and conspiracy to induce breach of contract claims against Roth. The parties consented to having the case referred to a U.S. Magistrate Judge. The case is currently in discovery with a discovery deadline of January 19, 2018. The Court held a settlement conference on September 12, 2017, but the case did not settle.

During the week of September 15, 2017, Alpha issued notices of depositions to Mr. Lacey, Alan Fine (RGS' chief operating officer) and Rikard Lundberg, a corporate securities lawyer at Brownstein Hyatt Farber Schreck LLP in Denver, Colorado. After conferring on the location of the depositions, the parties agreed that the depositions would take place in Denver, Colorado during the week of October 16, 2017.

On October 4, 2017, following the announcement of favorable market news that RGS had reached an exclusive license agreement with DowDuPont, Inc., RGS' stock price increased 189% during the trading day. During that day, Alpha sold the RGS securities that it had acquired during the first offering in February, significantly mitigating its potential damages in this matter. As a result, Alpha voluntarily postposed its upcoming depositions, including the deposition of Mr. Lacey, apparently in the hopes that the parties could reach a resolution of the matter.

Shortly thereafter, the parties engaged in some discussions regarding the status of the case. As part of these discussions, Alpha agreed to produce its trading records in RGS securities. These records confirmed that Alpha had traded out of the 355,000 shares that it had purchased in the February offering. The records also showed that Alpha's trading losses on paper are approximately $79,000 based on its receipt of gross sale proceeds.[1] The parties' discussions following Alpha's October 4 trading did not result in a settlement agreement.

On October 20, 2017, RGS issued a notice of a Rule 30(b)(6) deposition to Alpha, to be held in New York, New York on November 14, 2017, or on a mutually agreed-upon date. When RGS' counsel attempted to confer on a date for the deposition, Alpha's counsel indicated that it now wanted to reschedule Mr. Lacey's deposition but changed the location from Denver to New York. The parties conferred but were unable to reach an agreement on the location of Mr. Lacey's deposition. Alpha's counsel is unwilling to set a date for Alpha's Rule 30(b)(6) deposition until the location of Mr. Lacey's deposition is resolved.

### Argument

Under Rule 26(c)(1)(B) of the federal rules, the Court may issue a protective order for good cause shown to protect against annoyance, embarrassment, oppression, or undue burden or expense relating to the location of a deposition. Rule 26(c)(1)(B), Fed. R. Civ. 171P. Courts in the Southern District of New York have held that there is a general presumption that a non-resident

---

[1] It should be noted that Alpha's damages claim is based on alleged decreases to RGS' stock price purportedly due to the announcement of the second February offering and its purported dilutive impact on RGS' stock price (see Amended Complaint, ¶¶ 14, 35-37). Thus, in order to prove damages, Alpha would need to demonstrate that this $79,000 in paper losses was caused by a negative reaction to news relating to the second offering and its dilutive impact on the stock price, and not due to other market news or forces.

defendant's deposition will be held where he or she resides or works. *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997) (citing cases); *Six West Retail Acquisition v. Sony Theatre Management Corp.*, 203 F.R.D. 98, 106 (S.D.N.Y. 2001) (citing cases). "[A] plaintiff may only overcome this presumption by showing 'peculiar' circumstances favoring depositions at a different location." *Id.* "The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant." *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005) (citing cases). "This presumption is based on the concept that *it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum*." *Id.* (citations omitted) (emphasis in original).

A protective order requiring Alpha to depose Mr. Lacey in Denver, Colorado is appropriate in this matter. It is particularly appropriate given that Alpha had previously agreed to Denver as the location for Mr. Lacey's deposition. As the above-cited cases provide, the general presumption is that a party-defendant's officer or agent should be deposed in his or her location of residence or principal place of business. Plaintiff cannot make a showing to overcome this presumption. Additionally, RGS will suffer annoyance and undue burden if Mr. Lacey is required to be deposed in New York. This is a very busy time at the company given recent events involving the contract with DowDupont Inc., particularly for Mr. Lacey as the CEO. As a result, his schedule is very difficult to accommodate. As a defendant in this action, RGS had no choice with respect to the forum and should not be penalized on the location of its officer's deposition. Rather, having brought this action and decided the forum, Alpha should bear any inconvenience regarding the location of Mr. Lacey's deposition. For these reasons, good cause exists for the requested protective order.

## Conclusion

Based on the foregoing, RGS respectfully request's a pre-motion conference to discuss the merits of filing its motion for a protective order requiring Alpha to take the deposition of Dennis Lacey in Denver, Colorado. If the Court grants this letter motion for a pre-motion conference, counsel for RGS requests permission to appear by telephone at the pre-motion conference.

Respectfully submitted this 16th day of November, 2017.

Thomas J. Krysa
Attorney for Defendant Real Goods Solar, Inc.


cc: All counsel (via ECF)