# Hoffner PLLC

800 Third Avenue, 13th Floor
New York, NY 10022
Tel: 212.471.6203
Fax: 212.935.5012
Email: hoffner@hoffnerpllc.com

**DAVID S. HOFFNER**

November 20, 2017

BY ECF
The Honorable Ronald L. Ellis
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Alpha Capital Anstalt v. Real Goods Solar, Inc. et al.*, 17 Civ. 1186 (S.D.N.Y.)

Dear Judge Ellis:

This firm represents plaintiff Alpha Capital Anstalt ("Alpha Capital") in the above-referenced action. I write in response to the letter from Thomas Krysa, counsel for defendant Real Goods Solar, Inc. ("RGSE"), to the Court, dated November 16, 2017 (Document No. 45) (the "Krysa Letter"). Defendant RGSE seeks a pre-motion conference with respect to a motion for a protective order requiring that Alpha Capital take the deposition of RGSE's CEO, Dennis Lacey, in Denver, Colorado, rather than in New York, where the deposition was noticed and this action is pending, and where RGSE agreed all "legal proceedings concerning the interpretations, enforcement and defense of the transactions contemplated by" the Securities Purchase Agreement, dated February 6, 2017 (the "SPA"), would be exclusively commenced.[1]

As the Court may recall, this is not the first time that Mr. Lacey has sought to inconvenience the other parties to this action and their counsel by refusing to appear in New York. Indeed, in July 2017, RGSE, contending that Mr. Lacey was unavailable all summer long to come to New York, persuaded Alpha Capital to adjourn a July 12, 2017 settlement conference with Your Honor until September 12, 2017. Days before the September conference, however, RGSE again sought to postpone the appearance by claiming that Mr. Lacey, who it represented was the only officer with authority to settle this dispute, was too busy to come to New York. (Notably, after the Court declined RGSE's request, the conference went forward with RGSE's Assistant General Counsel in attendance rather than Mr. Lacey.)

RGSE nonetheless argues that, notwithstanding RGSE's election in the SPA that it drafted to litigate all disputes arising out of Alpha Capital's investment in RGSE in New York, it is entitled to a protective order "for good cause shown to protect against annoyance, embarrassment, or undue burden or expense relating to" the noticed testimony of Mr. Lacey in New York claiming,

---

[1] In light of the forum selection provision in the SPA, Mr. Krysa's contention in his letter that Alpha Capital "decided the forum" (Krysa Letter at 3) is plainly inaccurate.

without any sworn statement by Mr. Lacey or anyone else at the Company, that RGSE "will suffer annoyance and undue burden if Mr. Lacey is required to be deposed in New York" because "[t]his is a very busy time at the company given recent events involving the contract with DowDupont Inc., particularly for Mr. Lacey as the CEO." Krysa Letter at 3.

As an initial matter, although "courts in the Southern District of New York have held that there is a general presumption that a non-resident defendant's deposition will be held where he or she resides or works" (Krysa Letter at 2-3), *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997), the case relied on by RGSE (citing *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989)), acknowledges that "the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." *Bank of New York*, 171 F.R.D. at 155 (citing *Khashoggi,* 124 F.R.D. at 550). Moreover, *Khashoggi* explains that "[u]nderlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum." Thus, "[w]here this factual premise is attenuated," *as it is here*, the presumption is weakest." *Khashoggi*, 124 F.R.D. at 550. *See also Six West Retail Acquisition v. Sony Theatre Management Corp.*, 203 F.R.D. 98, 106 (S.D.N.Y. 2001) ("the presumption loses its force in cases where the plaintiff's choice of forum is effectively constrained").

Here, in light of RGSE's purposeful choice of the Southern District of New York as the exclusive forum for disputes arising out of its financing activities, RGSE simply cannot rely on this presumption. Given this forum selection provision, the deposition "is not automatically sited in the defendant's favor" and "[i]nstead, the Court must consider whether "factors of cost, convenience, and litigation efficiency militate in favor of" an alternate location." *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09 Civ. 5087, 2012 U.S. Dist. LEXIS 64086, *16 (S.D.N.Y. May 7, 2012). *See also Six West*, 203 F.R.D. at 107 (presumption "can be overcome by a 'showing that factors of cost, convenience, and litigation efficiency militate in favor of holding the deposition' outside of the witness' district.")(citation omitted).

Plaintiff respectfully submits that "the factors of cost, convenience and litigation efficiency" here do indeed militate in favor of holding Mr. Lacey's deposition in New York. Plaintiff's counsel and defendant Roth Capital's counsel are resident in New York, and RGSE has retained local counsel in New York, The Seniawski Law Firm, which can defend Mr. Lacey's deposition in New York without requiring Mr. Krysa to travel here. Accordingly, requiring that the deposition of Mr. Lacey take place in New York would not "inconvenience" anyone other than Mr. Lacey, who, given the terms of the SPA, has no basis to complain. In contrast, requiring Alpha Capital to take Mr. Lacey's testimony in Colorado would require both Plaintiff's counsel and Roth Capital's counsel to travel to Denver for a multi-day period and incur significant costs for travel and lodging.

Respectfully submitted,

David S. Hoffner

cc: All counsel (by ECF)