USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alpha Capital Anstalt,

                    Plaintiff,

-against-

Real Goods Solar, Inc. et al.,

                    Defendants.

1:17-cv-01186 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Defendant Real Goods Solar, Inc. ("RGS") moves for a protective order requiring that the deposition of its Chief Executive Officer, Dennis Lacey, take place in Denver, Colorado, the city where he resides and works. For the following reasons, the Court grants RGS's Letter-Motion.

## BACKGROUND

This is an action for breach of contract, rescission, tortious interference with contract and conspiracy related to an investment made by plaintiff Alpha Capital Anstalt ("Alpha Capital"), an entity based in Lichtenstein, in a public offering by RGS. *See* Am. Compl., filed May 12, 2017 (ECF No. 29), ¶¶ 1, 38-85. The defendants are RGS and Roth Capital Partners, LLC ("Roth Capital"), which acted as placement agent for RGS in connection with the offering. In making its investment in RGS's offering, Alpha Capital signed a Securities Purchase Agreement ("SPA") with RGS that contained a provision requiring "legal proceedings concerning the interpretations, enforcement and defense of the transactions contemplated by" the SPA to be brought in the Southern District of New York. Pl's Letter Resp. to Mot., filed Nov. 20, 2017 (ECF No. 50), at 1.

Discovery in this case is ongoing. During the week of September 15, 2017, Alpha Capital noticed the deposition of Mr. Lacey. The parties thereafter agreed to hold the deposition of Mr.

Lacey in Denver, Colorado. *See* Def.'s Letter Mot., filed Nov. 16, 2017 (ECF No. 49), at 2.[1] In October 2017, Alpha Capital voluntarily postponed the deposition of Mr. Lacey while the parties engaged in settlement discussions. These discussions were precipitated by the fact that, after favorable market news on October 4, 2017, Alpha Capital had traded out of the shares it purchased in the RGS offering so as to reduce the amount of Alpha Capital's trading losses.[2] Subsequently, after settlement discussions failed, Alpha Capital changed the location of Mr. Lacey's deposition from Denver to New York. *See id.*

RGS seeks a protective order requiring Alpha Capital to take Mr. Lacey's deposition in Denver. Co-defendant Roth Capital consents to holding Mr. Lacey's deposition in Denver. Def.'s Letter Mot., filed Nov. 16, 2017 (ECF No. 49), at 1. Alpha Capital opposes and seeks to hold the deposition in New York. *See* Pl's Letter Resp. to Mot., filed Nov. 20, 2017 (ECF No. 50).

Oral argument was held by telephone on December 6, 2017.

## DISCUSSION

"[C]ourts retain substantial discretion to determine the site of a deposition." *SEC v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) (citing *Lewis v. Madej*, 2016 WL 590236, at *3 (S.D.N.Y. Feb. 11, 2016)). A rebuttable presumption exists that a defendant's deposition will be taken where the defendant resides or works. *Id.*; *see also* 3 ROBERT L. HAIG, BUSINESS AND COMMERCIAL LITIGATION IN FEDERAL COURTS § 23:33 (3d ed. 2011) ("A defendant is generally presumed to be subject to a

---

[1] Alpha Capital also issued notices of deposition to Alan Fine (RGS's Chief Operating Officer) and Rikard Lundberg (a Denver-based corporate securities lawyer for RGS), and agreed to take those depositions in Denver. During oral argument, Alpha Capital stated that, based upon intervening events, it would not take the deposition of Mr. Fine, but that it had not yet decided whether to take the deposition of Mr. Lundberg.

[2] RGS asserts that Alpha Capital's losses are approximately $79,000. Def.'s Letter Mot., filed Nov. 16, 2017 (ECF No. 49), at 2. During oral argument, Alpha Capital's counsel estimated the losses to be about $100,000.

2

deposition at his residence or place of business. In the case of a company, this translates to a presumption that officers, directors, and managing agents should be available for deposition at the company's headquarters.") (citations omitted). This presumption "is based in part on the assumption that the plaintiff exercised choice as to the forum of the lawsuit," though the presumption may be "weake[ned] where the plaintiff was constrained to file suit in a particular forum." *Aly*, 320 F.R.D. at 118 (citing *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989)). In those situations, the Court considers more closely "factors of cost, convenience, and litigation efficiency . . . ." *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, 2012 WL 1589597, at *6 (S.D.N.Y. May 7, 2012).

RGS relies on this presumption to argue that Mr. Lacey is entitled to have his deposition taken in Denver, especially given that Alpha Capital previously agreed to Denver as the place of deposition. Def.'s Letter Mot., filed Nov. 16, 2017 (ECF No. 49). Mr. Lacey resides and works in Denver, where RGS is headquartered. Alpha Capital argues that all legal proceedings related to the SPA should take place in New York, and therefore the presumption should not apply. Pl's Letter Resp. to Mot., filed Nov. 20, 2017 (ECF No. 50).

Any considerations that weigh in favor of taking the deposition in New York do not overcome the presumption in this case. "[A] plaintiff may only overcome this presumption by showing 'peculiar' circumstances favoring depositions at a different location." *Six West Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 106 (S.D.N.Y. 2001) (citation omitted). Alpha Capital has not made such a showing. Although Alpha Capital argues that RGS selected the forum in its SPA, Alpha Capital's counsel admitted during oral argument that, even if the SPA had

not contained a forum selection clause, the foreign-based plaintiff would likely have brought suit in the Southern District of New York.

The Court recognizes the expense to Alpha Capital of having its counsel travel to Denver to conduct the deposition of Mr. Lacey. Thus, if Alpha Capital chooses not to take Mr. Lacey's deposition in person in Denver, the Court authorizes Alpha Capital to take the deposition of Mr. Lacey remotely by telephone or videoconference. *See Aly*, 320 F.R.D. at 118 (court has discretion to order taking of deposition remotely by telephone or videoconference); *see also* Fed. R. Civ. P. 30(b)(3)-(4). Holding a deposition by videoconference is "frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides." *Aly*, 320 F.R.D. at 119.[3]

## CONCLUSION

For the foregoing reasons, RGS's Letter-Motion for a protective order (ECF No. 49) is granted. If Alpha Capital wishes to take the deposition of Mr. Lacey, it must do so in accordance with this Order. The deposition must be completed by January 19, 2018.

Dated: New York, New York
December 6, 2017

SO ORDERED.

*[signature]*

STEWART D. AARON
United States Magistrate Judge

---

[3] For the same reason, the Court encourages the parties to reach a similar resolution regarding the deposition of Mr. Lundberg, should Alpha Capital choose to take it.